### WILLIAMS *et al.* v. FOLSOM *et al.*

(*Supreme Court, Special Term, New York County.* February, 1891.)

PLEADINGS—BILL OF PARTICULARS.

    In an action to recover the profits made by defendants who were employed by plaintiff to sell her land, and who, by means of false representations, induced her to sell it to their representative at a price much less than its real value, plaintiff will not be required to furnish defendants a bill of particulars as to their representations and acts, because these must be within their own knowledge, and also because, in view of the confidential relations existing between the parties, it would be extremely unjust to restrict plaintiff, on the trial, to such of defendants' misrepresentations as she had been able to discover when the action was commenced and the bill of particulars furnished. Reversed in 13 N. Y. Supp. 712.

Action by Louisa Williams and others against Samuel D. Folsom and others. Defendants now move that plaintiff be compelled to furnish them with a bill of particulars. For former reports, see 3 N. Y. Supp. 681; 5 N. Y. Supp. 211; 7 N. Y. Supp. 568; 10 N. Y. Supp. 895.

*Cravath & Houston,* for plaintiffs. *Davenport, Smith & Perkins,* for defendants.

INGRAHAM, J. The complaint alleges that defendants were the agents of the plaintiff to manage certain real estate owned by her, and while acting as such agents made various false representations to her, and persuaded her to sell the property to a person who was represented to her as a purchaser, when, in fact, the purchase was for the defendants, at a price much less than its real value; and asks to recover from the defendants the profit made by them in dealing with her property. The particulars that the defendants seek to compel plaintiff to furnish relate entirely to representations made by defendants, or to the acts of the defendants, upon which the plaintiff bases her cause of action. It follows, therefore, that defendants have a much better opportunity of knowing the acts performed by them, and the representations made by them, than the plaintiff can have; and I do not think that the protection of the defendants requires the plaintiff to specify all the acts and representations of the defendants, which must be within their knowledge. In cases of this character, where the relations that existed between the parties were of a confidential character, and where the principal was entitled to the utmost good faith from her agents, it would be extremely unjust to restrict the plaintiff on the trial to proof of such of her agent's misrepresentations or breaches of his duty as she has been able to discover at the time of the commencement of the action. If defendants have acted in good faith, they can have no difficulty in proving that fact. If the sale that was made by plaintiff was actu-

ally made to another purchaser, and not for the benefit of the defendants, that fact can be easily shown by defendants. Under all the circumstances, I see no reason why a bill of particulars should be granted. Motion denied, with $10 costs to abide the event.